RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/29/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GISNER MISTAL - #A90-246-988 A.K.A. GISNER MYSTAL | DOCKET NO.11-cv-863; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WARDEN VIATOR, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) by pro se Petitioner Gisner Mistal (a.k.a. Mystal). Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the LaSalle Detention Center in Trout, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

Petitioner became subject to a final order of removal on November 29, 2010.

By statute, the Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. 8 U.S.C. §1231; Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006), cert. denied, 549 U.S. 1132 (2007). Aliens may be detained during the ninety-day removal period. 8 U.S.C. §1231(a)(2). An alien may be detained *beyond* this period under certain circumstances. For example, if an alien fails or refuses

to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); see Balogun v. INS, 9 F.3d 347, 351 (5th Cir. 1993). Aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that the United States Constitution does not permit indefinite detention **lasting beyond six months past the ninety-day removal period.** After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id. Once this has been shown, the burden shifts to the government, which "must respond with evidence sufficient to rebut that showing." Id. Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under the scheme announced in Zadvydas. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably

2

foreseeable future." Id.

In this case, according to Plaintiff, the ninety-day removal period was triggered on November 29, 2010, when Petitioner's order of removal became final. See 8 U.S.C. § 1231(a)(1)(B)(ii). The removal period apparently expired ninety days later on or about March 29, 2011. The petition was signed on June 1, 2011 and filed on June 9, 2011. It is apparent that Petitioner has not been in custody more than six months past the expiration of the ninety-day removal period, ie., more than six months past March 29, 2011.

Because Petitioner has not been in custody for more than six months past the expiration of the removal period, his petition does not state a claim for relief. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002)(finding that the six-month period must have expired at the time the §2241 petition was filed in order to state a claim under Zadvydas); Okpuju v. Ridge, 115 Fed. App'x 302, 2004 WL 2943629 (5th Cir. 2004)(noting that the petitioner's claim regarding his continued detention was premature because the petitioner had not yet been in custody longer than the "presumptively reasonable six-month post-removal order period" set forth in Zadvydas), cert. denied, 544 U.S. 1066 (2005).

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE AS PREMATURE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE